IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Erik Greene, as personal representative of the Estate of Emory Bruce Greene, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Life Care Centers of America, Inc., for itself and d/b/a Life Care of Hilton Head, Charleston Medical Investors, LLC d/b/a Life Care of Charleston, RCM Columbia, Inc. d/b/a Life Care of Columbia,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No.: 2:07-cv-01648-PMD<br><br>**ORDER** |

This matter is before the parties' cross-motions for partial summary judgment. For the reasons set forth herein, the court denies Plaintiff's Motion for Partial Summary Judgment and denies Defendants' Motion for Partial Summary Judgment.

## BACKGROUND

This uncertified class action was brought in the Court of Common Pleas for Charleston County on May 4, 2007, and Defendants filed a Notice of Removal on June 13, 2007. Plaintiff filed an Amended Complaint on June 27, 2007, in which he listed the following causes of action: (1) breach of contract; (2) violation of the South Carolina Unfair Trade Practices Act; (3) fraud; (4) constructive fraud; (5) negligent misrepresentation; and (6) declaratory judgment/permanent injunction. (*See* Am. Compl.)

The facts giving rise to the instant suit concern Defendants' billing practices with respect to Emory Bruce Greene ("Mr. Greene"), a former resident at the Life Care Center of Charleston, a

skilled nursing facility.  Plaintiff's decedent, Mr. Greene, was admitted to Life Care of Charleston on July 28, 2005, after a hospital stay at Trident hospital because of, *inter alia*, injuries he sustained in a fall.  Mr. Greene had insurance coverage for his health care from Medicare, but this benefit expired 100 days after his initial hospitalization.  Because Mr. Greene was a veteran, he was insured through TRICARE for Life Medical Benefit, formerly known as OCHAMPUS ("TRICARE").

Life Care submitted claims to TRICARE for services provided to Mr. Greene from November 1, 2005, through January 31, 2006.  On April 17, 2006, TRICARE sent a letter denying the claim on the grounds that the services provided to Mr. Greene were not "medically necessary." TRICARE stated that earlier claims had been paid in error and demanded a refund for those improperly paid amounts.  Although the claim was appealed, on June 15, 2006, the TRICARE appeals examiner issued a written opinion denying the claim.  That opinion stated in part,

> The initial denial notice/letter was mailed to the beneficiary on 04/17/2006. There is a presumption that the beneficiaries [sic] receipt of the "notice of denial" would be five calendar days after the date on the initial determination.  Therefore, it is presumed that the beneficiary received the notice on 04/22/2006.  There is no other documentation that the beneficiary was otherwise informed that the care was excluded on the basis of medical necessity, therefore, it is determined that the beneficiary is liable for payment effective 04/23/2006, since the beneficiaries [sic] liability begins on the day after the date that the denial letter would be presumed to have been received.
> The provider should be held liable form [sic] 11/24/2005 through 01/31/2006. The services that are at issue are the subject of what are generally considered acceptable standards of practice by the local community.  The provider could be expected to know that this patient did not meet the generally recognized criteria for continued medically necessary skilled nursing care.

(Pl.'s Mot. for Partial Summ. J. Ex. 3 at 14.)  Although the appeal decision informed Life Care that it had the right to appeal the decision within ninety days, Life Care did not appeal.

Although the appeal decision indicated that Mr. Greene was liable for payment beginning on April 23, 2006, Life Care sent a letter dated May 26, 2006, to Mark Greene seeking payment for

services rendered before that date.  The letter states, in part (verbatim),

> The current outstanding balance is $28,830.10.  I understand the financial and emotional hardship this places on you and your family, however we both need to be proactive in rectify our current situation as soon as possible.  It is my understanding that selling your father's home may be an option to pay privately, but currently there are no funds available to cover the denied charges or any future charges that are accruing daily.
>
> As I stated earlier we will do everything we can to challenge the Tricare denials, but if we are not successful in our efforts your father's account will revert to private pay retroactive back to January 1, 2005.  We are happy to provide your father with the best care possible but unfortunately as I'm sure you understand we cannot allow him to remain with us with an inability to pay for the care we provide.
>
> Therefore, I am required by law to inform you that this letter hereby serves as a formal (30) day notice of discharge **effective June 28, 2006**.  If payment is received in full prior to the close of business on June 5, 2006, we will be more than happy to have Mr. Emory Greene stay with us here at Life Care as a private pay resident.  Otherwise, please make preparations to take him home or to another facility. . . .

(Pl.'s Mot. for Partial Summ. J. Ex. 4.)  Mr. Greene was discharged from the Life Care facility on June 11, 2006, and he died at home on July 8, 2006.[1]

Life Care sent collection letters to Mr. Greene, and on September 20, 2006, Life Care sent a letter to Mr. Greene indicating that if payment in full was not received within ten days, Life Care "will turn this account over to our collection agency. . . . If placed with the collection agency, this could have a negative effect on your ability to obtain credit in the future."  (Pl.'s Mot. for Partial Summ. J. Ex. 5.)  Life Care ultimately filed a claim with the Estate of Mr. Greene.  The Estate issued a notice of denial of the claim, and the notice stated that "Life Care of Charleston improperly charged for services pursuant to 32 CFR 194(h) and according to the findings of the TriCare Appeals

---

[1]In the Amended Complaint, Plaintiff alleges that "Mr. Greene voluntarily left the facility."  (Am. Compl. ¶ 31.)  In Plaintiff's response to Defendants' first set of interrogatories, however, Plaintiff indicates that Mr. Greene was "evicted" from Life Care's facilities.  (*See* Defs.'s Mot. for Partial Summ. J. Ex. F at 3.)

Examiner." (Defs.' Mot. for Partial Summ. J. Ex. H.)

In his Amended Complaint, Plaintiff alleges that Life Care improperly billed him for the services he received. Plaintiff alleges, *inter alia*,

21. Upon information and belief, TRICARE entered a provider agreement with Life Care, pursuant to which Life Care agreed to accept patients covered by TRICARE. Life Care agreed to provide services to TRICARE beneficiaries based upon federal TRICARE regulations and according to the terms of the agreement ("Provider Agreement").

22. The Provider Agreement sets the rates that Life Care can charge TRICARE for service to TRICARE benefit holders. These rates are generally lower than rates that Life Care charges to non-TRICARE patients. Pursuant to the agreement and pursuant to federal regulation, Life Care cannot bill its patients for the difference between the benefits paid by TRICARE and the rates for non-TRICARE patients.

. . .

28. Despite the fact that Life Care was prohibited from charges [sic] for services prior to April 22, 2006, Life Care billed and demanded that Mr. Greene pay for such services.

(Am. Compl. ¶¶ 21-22, 28.)

On November 15, 2007, Plaintiff filed a Motion to Compel, but Plaintiff withdrew that motion. It appears the parties agreed that Defendants would file a Motion for Partial Summary Judgment in lieu of moving forward with the hearing on the Motion to Compel "in an effort to narrow the scope of discovery and legal issues before the Court." (Defs.' Mem. in Supp. at 1.) Defendants filed a Motion for Partial Summary Judgment on March 3, 2008, and Plaintiff filed a Motion for Partial Summary Judgment on March 21, 2008.

## **STANDARD OF REVIEW**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party 'is particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex*, 477 U.S. at 327.

## ANALYSIS

With the exception of Plaintiff's Motion for Partial Summary Judgment as to his claim for violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), the cross-motions for partial summary judgment lack clarity. In Defendants' Motion for Partial Summary Judgment, Defendants state,

> This motion is based on the grounds that although the Plaintiff alleges he was illegally billed and paid for services in violation of Federal guidelines related to Tricare and Medicare, the Defendants are not parties to Tricare "participation agreements" and are not "authorized providers." As such, the Defendants are allowed to bill patients for services that are not "medically necessary." Furthermore, there exists no right for the Plaintiff to bring a private cause of action based on the

5

Tricare regulations and the Plaintiff is not a party to any Tricare-Life Care agreement.

(Defs.' Mot. at 1-2.)  Defendants request an order granting their Motion for Partial Summary Judgment on the basis that no genuine issue of material fact exists as follows:

> (1) The Defendants have not entered into provider agreements with Tricare during the relevant periods of the class.
> (2) The Defendants are not bound by the prohibitions of 32 C.F.R. § 199.6(a)(13)(i)(C).
> (3) The Plaintiff and his family had notice that some of the services he received after November 24, 2005 would not be covered by Tricare.
> (4) No private right of action exists for the Plaintiff or his family against Life Care for violations of Tricare regulations.
> (5) Neither the Plaintiff nor his family were third-party beneficiaries to any Tricare-Life Care agreements.

(Def.'s Mem. in Supp. at 12.)

Plaintiff also filed a Motion for Partial Summary Judgment on his claim pursuant to the SCUTPA.  (*See* Pl.'s Mot. for Partial Summ. J.)  After receiving Defendants' Response in Opposition to that Motion, Plaintiff "concedes that an action[] under the South Carolina Unfair and Deceptive [sic] Trade Practices Act cannot be brought in a representative capacity."  (Pl.'s Reply at 1.)  He therefore withdrew his Motion for Partial Summary Judgment on that claim but stated that he "maintains the motion in so much as he seeks summary judgment on the issue of whether the Defendants are allowed to charge for services at issue."  (*Id.*)  Because Plaintiff concedes that he is not entitled to partial summary judgment on his claim pursuant to the SCUTPA, the court denies his Motion for Partial Summary Judgment on that claim.

The court also determines Defendants' Motion for Partial Summary Judgment must be denied, as it is an improper usage of Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 states in part,

**(a) By a Claiming Party**. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. . . .

**(b) By a Defending Party**. A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

. . .

**(d) Case Not Fully Adjudicated on the Motion**.

> **(1) *Establishing Facts***. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts–including items of damages or other relief–are not genuinely at issue. The facts so specified must be treated as established in the action.

> **(2) *Establishing Liability***. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

Fed. R. Civ. P. 56.

Defendants have not moved for summary judgment on any *claim*; they have moved for summary judgment on various *issues*. This court recently confronted a similar issue in *Evergreen International v. Marinex Construction Co.*, 477 F. Supp. 2d 697 (D.S.C. 2007). In that case, the plaintiff Evergreen moved for partial summary judgment, seeking a determination that the amount of damages were not in genuine dispute. *Evergreen*, 477 F. Supp. 2d at 698. The court noted that Evergreen "does not attempt to dispose of any particular claim in its entirety." *Id*. The court stated,

> Evergreen's motion fails for a variety of reasons, the most obvious of which is that it is an improper usage of Fed. R. Civ. P. 56. Rule 56(a) provides: "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may . . . move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." In addition, if a summary judgment motion fails and some or all of the claims must be tried, Rule 56(d) allows the court to issue an order specifying that certain facts are uncontroverted so that the trial can focus only on those points in dispute.

> Evergreen asserts that the language of Rule 56(a) and (d) allows it to seek summary judgment on select elements of claims and not on the entire claim. Courts have consistently declined to read Rule 56 in the manner suggested by Evergreen.

7

> Rules 56(a) and 56(b) (which applies to defendants bringing summary judgment motions) do not allow the "piecemealing" of a single claim. The "all or any part" language in Rule 56(a) authorizes the granting of summary judgment with respect to all claims in an action or only some claims in a multiple claim action. A party is simply not entitled to summary judgment if the judgment would not be dispositive of an entire claim. Moreover, a party may not attempt to use Rule 56(d) to evade the restriction in Rule 56(a) because Rule 56(d) does not authorize independent motions to establish certain facts as true. Rule 56(d) is merely a mechanism to salvage some of the constructive results of the judicial efforts made in denying a proper summary judgment motion.

*Id*. at 698-99 (internal citations omitted); *see also Mathewson v. Lincoln Nat'l Life Ins. Co.*, 518 F. Supp. 2d 657, 659-60 (D.S.C. 2007) (denying the plaintiff's motion for partial summary judgment seeking a determination that the insurer's interpretation of the insurance policies was incorrect as a matter of law because "the determination that [p]laintiff wishes to establish would not dispose of any of [p]laintiff's claims entirely"). *But see Holber v. Jacobs (In re Jacobs)*, 381 B.R. 147, 158 (Bankr. E.D. Pa. 2008) (stating that a court is permitted to dispose of a single issue relevant to a claim in rendering partial summary judgment pursuant to Rule 56(d)).

Rule 56 was amended effective December 1, 2007, and this amendment is the reason for the difference in the language of the rule as quoted above and the language as quoted in *Evergreen*. While the language is slightly different, the court concludes the substantive analysis remains unchanged. Indeed, the Advisory Committee Notes concerning the 2007 amendments state in part,

> The language of Rule 56 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.
> Former Rule 56(a) and (b) referred to summary-judgment motions on or against a claim, counterclaim, or crossclaim, or to obtain a declaratory judgment. The list was incomplete. Rule 56 applies to third-party claimants, intervenors, claimants in interpleader, and others. Amended Rule 56(a) and (b) carry forward the present meaning by referring to a party claiming relief and a party against whom relief is sought.

8

Fed. R. Civ. P. 56 advisory committee's note.  Because the amendment was stylistic only, the court concludes the analysis in *Evergreen* is applicable.[2]  Defendants have not moved for summary judgment on any claim.  It rather appears that both parties seek a pronouncement from the court concerning its opinion on the issues.  Defendants' motion is an improper use of Rule 56, and for this reason, Defendants' Motion for Partial Summary Judgment is denied.  For the same reason, the court denies Plaintiff's Motion for Partial Summary Judgment to the extent it seeks summary judgment on the issue of whether Defendants are allowed to charge for the services at issue.[3]

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Motion for Partial Summary Judgment is **DENIED**.  It is further **ORDERED** that Defendants' Motion for Partial Summary Judgment is **DENIED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 9, 2008**

---

[2]The court acknowledges that subsections (a) and (d) were the subsections of Rule 56 at issue in *Evergreen*.  However, the court concludes the rationale behind the conclusion applies equally to the case *sub judice*, in which subsections (b) and (d) are at issue.

[3]The court denies both motions without prejudice.  Should they choose to do so, the parties may refile their motions in conformity with Rule 56.

9